Filed 10/8/24  P. v. Whitmer CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BRAD ALLEN WHITMER,<br><br>    Defendant and Appellant. | C099658<br><br>(Super. Ct. Nos.<br>CRF12-0000623,<br>CRF13-0000195) |

Defendant Brad Allen Whitmer appeals following a resentencing pursuant to Penal Code section 1172.75.[1]  Appellate counsel filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 raising no arguable issues and asking this court to conduct an independent review of the record.  Although not required to independently review the record in these circumstances (see *People v. Delgadillo* (2022) 14 Cal.5th 216, 226 (*Delgadillo*)), we have done so.  Our discretionary review of the postconviction record reveals no arguable errors favorable to Whitmer.  We therefore affirm.  We have, however, identified two clerical errors in the abstract of judgment.  We direct the trial court to correct the abstract

---

[1]  Undesignated statutory references are to the Penal Code.

1

of judgment to delete the two prior prison term enhancements and to include the accurate number of credits for actual days served.

BACKGROUND

In 2013, in case number CRF12-0000623, a jury found Whitmer guilty of recklessly evading a peace officer (Veh. Code, § 2800.2, subd. (a)), driving a vehicle without the owner's consent (Veh. Code, § 10851, subd. (a)), and resisting a peace officer (§ 148, subd. (a)(1)). Whitmer admitted that he had served two prior prison terms and that he had a prior strike. Then, in case number CRF13-0000195, Whitmer pleaded no contest to assault with a deadly weapon (§ 245, subd. (a)(1)) and admitted that he inflicted great bodily injury on a person other than an accomplice (§ 12022.7, subd. (a)) and that he had suffered a prior serious felony conviction (§ 667, subd. (a)) and a prior strike.

The trial court sentenced Whitmer to eight years (the upper term doubled due to the prior strike) for the assault, 16 months (one-third of the middle term doubled due to the prior strike) each for the evasion conviction and for unlawfully taking a vehicle, a concurrent term of one year for the misdemeanor offense of resisting a peace officer, three years for the great bodily injury enhancement, five years for the prior serious felony enhancement, and one year for each of the two prior prison terms. His aggregate sentence was 20 years eight months.

In 2022, the Department of Corrections and Rehabilitation identified Whitmer as a person serving a sentence that includes a prior prison term enhancement. Pursuant to section 1172.75, the trial court dismissed Whitmer's one-year terms based on his two prior prison term enhancements and proceeded to resentence him. Whitmer argued that the court should impose the lower term for the assault conviction, strike his remaining enhancements, and dismiss the prior strike.

The trial court reimposed the same sentence on the remaining felony convictions and enhancements, resulting in an aggregate sentence of 18 years eight months. In

aggravation, the court found that Whitmer's prior convictions as an adult were numerous, that he had served a prior prison term, and that his performance on parole was unsatisfactory. While acknowledging mitigating factors, the court reimposed the upper term on the assault conviction "given the significant factors in aggravation." The court also denied any motion pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 to strike Whitmer's prior strike conviction and declined to dismiss any of the remaining enhancements. With respect to the prior serious felony enhancement, the court found that "this particular defendant endangers public safety." In granting credits for actual days served, the court determined that Whitmer had served an additional 3,655 days since his prior sentencing.

Whitmer timely appealed.

DISCUSSION

Whitmer's appointed counsel asks this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Ordinarily, the *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Delgadillo*, *supra*, 14 Cal.5th at p. 221.) In *Delgadillo*, our state Supreme Court explained that the *Wende* process is not required in an appeal from a trial court's order denying a petition for postconviction relief under section 1172.6. (*Delgadillo*, at pp. 221-226.) Although the present case concerns postconviction relief under a different statute, the same principles may apply, given that this was not Whitmer's first appeal of right.

We nevertheless exercise our discretion to independently review the postconviction record, as *Delgadillo* permits. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) Having undertaken this review, we find no arguable errors that would result in a disposition more favorable to Whitmer.

3

The abstract of judgment has two clerical errors that warrant correction, however. First, the abstract indicates that the trial court struck the punishment for the two prior prison term enhancements under section 667.5, subdivision (b). But section 1172.75, subdivision (a) declares that prior prison term enhancements under section 667.5, subdivision (b) are legally invalid in the circumstances present in this case. Those enhancements should therefore be removed from the abstract of judgment entirely. Second, under the credits section, the abstract should list the total number of credits awarded by the trial court for actual days served. Although the abstract references the court's order awarding additional credits of 3,655 actual days, the number of credits listed for actual days served is 336.

## DISPOSITION

The judgment is affirmed. The trial court shall correct the abstract of judgment to remove the two prior prison term enhancements under section 667.5, subdivision (b) and to state the accurate total number of credits for actual days served. The trial court shall forward the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

/s/
FEINBERG, J.


We concur:


/s/
MAURO, Acting P. J.


/s/
RENNER, J.

4